UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS JAMES THIBODEAUX,

           Plaintiff,

    v.

RON HAYNES, *et al.*,

           Defendants.

Case No. C21-5326-BHS-MLP

ORDER

      This is a § 1983 civil rights action filed by Plaintiff Louis Thibodeaux ("Plaintiff"). On October 5, 2021, Plaintiff filed a "Motion to Stay Complaint for 60 Days" ("Plaintiff's Motion"). (Dkt. # 35.) Though styled as a motion to stay, Plaintiff's Motion in essence requests that he be transferred from the Washington State Penitentiary ("WSP") back to the Stafford Creek Corrections Center ("SCCC") due to the lack of law library facilities. (*Id.* at 1.) Plaintiff argues that his recent transfer from SCCC to WSP was retaliatorily motivated due to his filing of the instant matter. (*Id.*) Plaintiff additionally takes issue with his current confinement conditions and requests that the Court transfer him back to SCCC or order him released to the community.[1] (*Id.* at 1-2.)

---

[1] Plaintiff's Motion additionally requests that the Court "issue an injunction to be sent to a facility that has handicap necessities immediately." (Dkt. # 35 at 1-2.) Mandatory preliminary injunctions are disfavored, and "the district court should deny such relief unless the facts and law clearly favor the moving

ORDER - 1

Defendants filed a response opposing Plaintiff's request for a stay. (Dkt. # 36.) Defendants argue that Plaintiff's Motion fails to demonstrate that a stay is warranted or otherwise demonstrates cause for an extension of the Court's current scheduling deadlines. (*Id.* at 1-2.) Plaintiff did not submit a reply.

Courts have inherent power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In considering the appropriateness of a stay, courts balance the competing interests of the parties, including: (1) the damage that may result from a stay; (2) inequity suffered by a party if the case moves forward; and (3) any impact to the "orderly course of justice." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). In addition, Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the Court. To establish "good cause," parties seeking modification must generally show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiff has failed to demonstrate that a stay is warranted or that good cause exists for an extension of the Court's scheduling deadlines. This Court entered a scheduling order on September 30, 2021, setting a discovery completion deadline of December 30, 2021, and a dispositive motions deadline of January 31, 2022. (Dkt. # 34.) The Court's scheduling deadlines were recently established, and Plaintiff has failed to identify any harm that he will suffer absent a stay or an extension of the current deadlines. Furthermore, the Court notes that since the filing of his Motion, Plaintiff has filed a motion for summary judgment that is currently noted for the

---

party." *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (citations and internal quotations omitted). Here, Plaintiff's Motion fails to substantively argue or address why the Court should authorize affirmative injunctive relief in this case.

ORDER - 2

1 | Court's consideration on November 12, 2021. (*See* dkt. # 37.) Finally, Plaintiff fails to cite any

2 | authority that would allow this Court to order his transfer back to SCCC, or his release to the

3 | community, because of his current conditions of confinement at WSP.

4 | Accordingly, Plaintiff's Motion (dkt. # 35) is DENIED without prejudice as a stay, or an

5 | extension of the current scheduling deadlines, is not appropriate at this time. Plaintiff is free to

6 | move for a stay or an extension of the scheduling deadlines, if necessary, at a later date.

7 | The Clerk is directed to send a copy of this Order to the parties and to the Honorable

8 | Benjamin H. Settle.

9 | Dated this 26th day of October, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3