|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| LOUIS JAMES THIBODEAUX,<br><br>                Plaintiff,<br><br>   v.<br><br>RON HAYNES, et al.,<br><br>               Defendants. | CASE NO. 3:21-cv-5326-BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge, Dkt. 54, and Plaintiff Louis Thibodeaux's objections to the R&R, Dkt. 55.

Thibodeaux, proceeding pro se and *in forma pauperis*, commenced this action in May 2021. Dkt. 1. He alleges violations of his Eighth Amendment rights arising from his contraction of COVID-19 while he was housed at Stafford Creek Corrections Center ("SCCC"). *See* Dkt. 19. Thibodeaux seeks declaratory and injunctive relief, damages, and costs. *Id.* at 11–14.

Specifically, Thibodeaux's first cause of action alleges that Defendants, consisting of SCCC employees, violated his Eighth Amendment rights based on his conditions of

confinement at the SCCC due to Defendants' handling of the COVID-19 pandemic and SCCC's internal COVID-19 protocols. *Id.* at 9–10. He alleges that he was unable to protect himself from COVID-19 and that the virus was allowed to spread at SCCC due to Defendants' actions. *Id.* Thibodeaux's second cause of action alleges that, pursuant to 42 U.S.C. § 1983, Defendants Haynes, Kariko, Herrington, Cherry, Attard, and "Does 1-10," instituted official policies and procedures at SCCC that deprived him of timely medical care, treatment, testing, effective COVID-19 PPE, and adequate segregated housing to mitigate COVID-19 exposures. *Id.* at 10–11. He further alleges under this cause of action that Defendants Haynes, Kariko, Herrington, Cherry, Attard, and "Does 1-10," falsely reported to the Department of Corrections that SCCC followed COVID-19 avoidance procedures and that they negated the administrative process to provide him emergency relief. *Id.* at 11.

Thibodeaux and Defendants filed cross-motions for summary judgment, Dkt. 37 (Thibodeaux's motion); Dkt. 40 (Defendants' motion), and Defendants filed a motion to strike, Dkt. 49. Judge Peterson then issued the instant R&R, recommending that the Court grant Defendants' motions, deny Thibodeaux's motion, and dismiss the case with prejudice. Dkt. 54. Thibodeaux has filed objections to the R&R, Dkt. 55, to which Defendants responded, Dkt. 56.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

1    Thibodeaux's objection consists only of a single sentence referencing *Rand v.
2    Rowland*, 154 F.3d 952 (9th Cir. 1998). Dkt. 55. *Rand* holds that a pro se litigant is
3    entitled to fair notice of the requirements of the summary judgment rule. 154 F.3d at
4    958–60. Thibodeaux did not raise *Rand* in response to Defendants' motion for summary
5    judgment, and thus the R&R did not address whether *Rand* was satisfied. A proper
6    objection requires specific written objections to the findings and recommendations in the
7    R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

8    However, the Court does have discretion to consider a new argument raised for the
9    first time in objections to an R&R. *See Brown v. Roe*, 279 F.3d 742, 745–46 (9th Cir.
10   2002) (rejecting the Fourth Circuit's holding that a district court must consider new
11   arguments raised for the first time in an objection to a magistrate judge's R&R); *Olmos v.
12   Ryan*, No. CV-11-00344-PHX-GMS, 2013 WL 3199831, at *8 (D. Ariz. June 24, 2013)
13   ("Generally, a district court need not consider new arguments raised for the first time in
14   objections to an R & R."). As Defendants highlight in their response to Thibodeaux's
15   objections, Dkt. 56, Defendants did provide Thibodeaux a *Rand* notice upon the filing of
16   their cross-motion for summary judgment, Dkt. 45. Thibodeaux was advised of the
17   summary judgment requirements pursuant to *Rand*, and with no other objections to
18   consider, the Court agrees with and adopts the R&R.

19   Finally, even though the R&R did not address whether Thibodeaux's *in forma
20   pauperis* status should continue for the purposes of appeal, the Court will address it in the
21   first instance here. The district court may permit indigent litigants to proceed IFP upon
22   completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). "[A]n appeal may

not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The determination whether a party can proceed IFP is a "matter within the discretion of the trial court." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963). The Court here determines that an appeal would be frivolous. Generally, an issue is not frivolous if it has an "arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thibodeaux failed to state any cognizable claims against Defendants, and his claims did not have an arguable basis in law. The Court thus concludes that Thibodeaux may not proceed on appeal with *in forma pauperis* status.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion to strike, Dkt. 49, and motion for summary judgment, Dkt. 40, are **GRANTED**;

(3) Plaintiff's motion for summary judgment, Dkt. 37, is **DENIED**;

(4) Plaintiff's *in forma pauperis* status is **REVOKED** for the purposes of appeal; and

(5) The Clerk shall enter a JUDGMENT and close the case.

Dated this 11th day of April, 2022.

BENJAMIN H. SETTLE
United States District Judge